**HORN v HORN, Admr., et**

Ohio Appeals, 9th Dist, Wayne Co.

No. 1047. Decided Oct. 25, 1938

Starn & Etling, Wooster, for appellee. John H. T. Miller, Cleveland, and Alfred J. Brideau, Cleveland, for appellant.

350

## OPINION

By DOYLE, J.

The plaintiff filed suit in the Court of Common Pleas of Wayne County, and alleged that there was due her from the administrator of the estate of Flora V. Reid, deceased, $7,800. She claimed that amount for nursing services, alleged to have been rendered the said deceased by her from October 30, 1931, to October 30, 1937, in compliance with an agreement entered into prior to October 30, 1931, wherein "the said Flora V. Reid promised and agreed to pay the plaintiff for her services in caring and nursing her, * * * the reasonable value of such services."

Issues were joined by the answer of one of the defendants, Fred J. Reid, a son and heir of the deceased. The defendant administrator was in default for answer or demurrer. A jury verdict was rendered for the plaintiff in the amount of $6,240. A motion for a new trial was in due time overruled by the trial court, and a judgment entered upon the verdict.

The defendant Fred J. Reid has perfected an appeal to this court on questions of law, and presents for determination the following questions:

1. Did the plaintiff allege sufficient facts in her petition to constitute a cause of action?

2. Was the verdict and judgment contrary to law?

The appellant urges that the appellee failed to "prove and support an express agreement for compensation for services rendered by the plaintiff to her mother," and cites two leading Ohio cases in support thereof—Hinkle, et Exrs. v Sage, 67 Oh St 256, and Merrick v Ditzler, 91 Oh St 256, wherein the following rule of law is set forth:

"1. * * * when it appears that the plaintiff was a member of the family of the person for whom the services were rendered, no obligation to pay for the services will be implied, and the plaintiff cannot recover in such case unless it be established that there was an express contract upon the one side to perform the services for compensation and upon the other side to accept the services and pay for them.

"2. Such contract may be in writing or it may rest entirely in parol and it may be proved by direct or indirect evidence. If the defense is made by the personal representatives of a deceased person, the contract, whether in writing or parol, must be established by clear and convincing proof."

An examination of the record before this court discloses a failure by the appellant to file a bill of exceptions, and the time limit, as provided in §11564, GC, has long since expired.

The appellant, by filing his notice of appeal on questions of law within the time prescribed by statute, vested this court with jurisdiction to hear and determine the cause, but in deciding the appeal we are unable to consider the evidence offered in the trial in support of the claims of the parties, and likewise we are unable to consider any other claimed errors demonstrable only through the medium of a bill of exceptions. (The case was not tried on an agreed statement of facts filed in the trial court.)

Jarboe v The Workingmen's Overall Supply Co., 60 Oh Ap 540, and cases there cited.

It follows, therefore, that our examination and consideration of the instant case must be confined solely to the pleadings and the journal entries and such other errors as may be demonstrable through the transcript of the docket and journal entries.

Of course, the sufficiency of a petition may be raised by the filing of a motion for a new trial and an allegation therein that the verdict is contrary to law. : ·

Bozzelli v Industrial Comm., 122 Oh St. 201.

Such an assignment was made in the instant case by the plaintiff, the appellant herein, and it is therefore our duty to examine the petition for the purpose of determining whether it does state a cause of action.

The petition contains no allegation concerning whether the plaintiff was "a member of the family of the person for whom the services were rendered," nor does the only answer in the case (which was filed by Fred J. Reid) make any mention of any such relationship on the part of the plaintiff. This court cannot assume that any such relationship existed.

Assuming for the purpose of argument, however, that such a relationship did exist and is properly before us, nevertheless the petition does plead an express contract, and the mere fact that the amount agreed upon for compensation was not definitely stated in the contract does not take it out of the classification of an express contract.

The petition alleged that the said Flora V. Reid promised and agreed to pay the plaintiff, for her services in caring for and nursing her, "the reasonable value of such services." This allegation in the petition pleads an express contract of hire, and, in the absence of a bill of exceptions, it must be assmued that there was sufficient evidence in the record to sustain the verdict of the jury in its finding for the plaintiff.

In view of what has been said heretofore, it is the conclusion of this court that an express contract has been pleaded. However, the petition would have been sufficient if only an implied contract had been pleaded, in view of the fact that there is not pleaded a family relationship between the plaintiff and the deceased, which marks the basis for the rules announced in **Hinkle**, et **Exrs.**

v **Sage**, and **Merrick** v **Ditzler**, supra. The judgment is affirmed.

STEVENS, PJ. and WASHBURN, J., concur.